UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANA GREEN ) | Cause No. 1:22-CR-23-HAB |

**OPINION AND ORDER**

Defendant pleaded guilty to a single count of being a felon in possession of a firearm. He was sentenced in January 2023 to a term of 180 months' imprisonment, owing to his status as an armed career criminal. Now before the Court is a motion to correct that sentence, filed under 28 U.S.C. § 2255. (ECF No. 48). The Government has responded (ECF No. 51) and Defendant's deadline to reply has passed with no filing. The motion is now ready for ruling.

**I.     Factual and Procedural History**

In March 2022, police responded to a 911 call reporting a physical altercation with an armed individual. That individual turned out to be Defendant. When Defendant was taken into custody he had, in his pocket, a loaded handgun. This was a problem for Defendant, as he had at least three prior state felony convictions.

Defendant, represented by Federal Community Defender Michelle Kraus, pleaded guilty to a violation of 18 U.S.C. § 922(g)(1). (ECF No. 2). The agreement between the parties was for a binding term of 180 months' imprisonment. The plea contained an appeal waiver, and waived relief under § 2255 on any ground other than ineffective assistance of counsel ("IAC").

As noted above, the Court accepted the binding plea and Defendant was sentenced to a term of 180 months' imprisonment and four years' supervised release in January 2023. This federal

sentence was ordered to run consecutive to any term Defendant received in a pending Ohio state court prosecution. He did not appeal.

In September 2023, Defendant filed the instant motion. Construed liberally, the motion presents two grounds for relief: (1) Defendant doesn't "feel" like he's an armed career criminal; and (2) IAC.

## II. Legal Discussion

**1.     *28 U.S.C. § 2255***

Relief under 28 U.S.C. § 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To proceed on a motion under § 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. *Id.* A § 2255 motion is neither a substitute for nor a recapitulation of a direct appeal. *Id*. As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). Additionally, aside from showing "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a § 2255 movant may alternatively pursue such errors after proving that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). This general rule does not apply to claims of ineffective

2

assistance of counsel, which may be brought via § 2255 even if not pursued during a direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**2.      *Defendant Waived Relief on any Grounds Other Than IAC***

Waivers of direct and collateral review in plea agreements are generally enforceable. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010); *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999). Nevertheless, because a plea agreement is a contract and generally governed by ordinary contract law principles, waivers contained in the agreements are unenforceable in some cases akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, *see United States v. Quintero*, 618 F.3d 746, 750–52 (7th Cir. 2010), or the dispute falls outside the scope of the waiver, *Bridgeman v. U.S.*, 229 F.3d 589, 591 (7th Cir. 2000).

Though disputes over plea agreements are "usefully viewed through the lens of contract law," the Seventh Circuit has recognized that the application of ordinary contract law principles to plea agreements, "must be tempered by recognition of limits that the Constitution places on the criminal process, limits that have no direct counterparts in the sphere of private contracting." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). For example, "while a contracting party is bound by the mistakes of his lawyer, however egregious (his only remedy being a suit for malpractice), the Constitution entitles defendants entering plea agreements to effective assistance of counsel." *Id*. at 637. Courts therefore repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement. *United States v. Jemison*, 237 F.3d 911, 916 n. 8 (7th Cir. 2001); *United States v. Hodges*, 259 F.3d 655, 659 n. 3 (7th Cir. 2001); *Bridgeman*, 229 F.3d at 591.

Turning to Defendant's waiver, his plea waived both his right to a direct appeal and his right to collaterally attack his sentence on any grounds other than IAC. The Court finds no basis to find the waiver ineffective. Though Defendant complains about Kraus' representation and "motivation," he does not complain about the drafting or negotiation of the plea agreement. Nor does Defendant ever claim that the plea was anything but knowingly and voluntarily made. The Court, then, finds that the waiver is effective here, and bars any ground for relief other than IAC.

### 3.   *Defendant has Failed to Establish IAC*

Waiver aside, Defendant's motion fails on the merits. To make out a successful ineffective assistance of counsel claim, Defendant must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

> With regard to the performance prong, [the] defendant must direct us to the specific acts or omissions which form the basis of his claim. The court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance.

*United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Moreover, claims that an attorney was ineffective necessarily involve inquiries into an attorney's trial strategies, which in turn requires facts which usually are not contained in the trial record. Thus, many trial determinations, like so many "other decisions that an attorney must make in the course of representation[, are] a matter of professional judgment." *United States v. Berkowitz*, 927 F.2d 1376, 1382 (7th Cir. 1991). Thus, the Court must resist a natural temptation to become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

> It is not our task to call the plays as we think they should have been called. On the contrary, we must seek to evaluate the conduct from counsel's perspective at the

4

> time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.

*United States v. Ashimi*, 932 F.2d 643, 648 (7th Cir. 1991) (citations and quotations omitted).

Should the petitioner satisfy the performance prong, he must then fulfill the prejudice prong by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1209-10 (7th Cir. 1994). "In making the determination whether the specified errors resulted in the required prejudice, a court should presume . . . that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694.

Defendant's claims of IAC are completely lacking in detail. He states only that Kraus gave "poor representation, poor video presentation, [and she] did not have enough motivation." (ECF No. 39 at 2) (original emphasis). Even assuming that's true, these are merely "vague" and "conclusory" allegations that cannot support relief under § 2255. *Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017). Defendant does not identify anything Kraus should have or should not have done. He doesn't argue that his sentence would have been different but for Kraus' unidentified errors. This is simply not enough to merit relief.

### III.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because the Court finds that no reasonable jurist could conclude that Defendant is entitled to relief, no certificate of appealability will be issued.

### IV.     Conclusion

For these reasons, Defendant's motion to amend or correct his sentence (ECF No. 48) is DENIED. No certificate of appealability will issue.

SO ORDERED on March 12, 2024.

           s/ *Holly A. Brady*
           CHIEF JUDGE HOLLY A. BRADY
           UNITED STATES DISTRICT COURT